**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:** 19-cv-62784-Cannon/Hunt

ELIYAHU SHOR,

        Plaintiff,
v.

STORM TIGHT WINDOWS INC.,

        Defendant.
_____/

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff, ELIYAHU SHOR, by and through the undersigned counsel, pursuant to the terms of Defendant's Offers of Judgment [ECF Nos. 45-1] ("OJ"), Order Adopting Report and Recommendation [ECF No. 60] ("Final Judgment"), S. D. Fla. L. R. 7.3(a), 29 U.S.C. 216(b), and Fed. R. Civ. P. 68, hereby files Plaintiff's Motion for Attorney's Fees and Costs, and in support Plaintiff states the following:

**I.    Background**

1.    On November 7, 2019, Plaintiff filed suit under the Fair Labor Standards Act for $7,504.29 in damages representing $3,752.14 in unpaid overtime wages and an equal amount as liquidated damages.

2.    More than a year later, on November 27, 2020, Defendant served its Fed. R. Civ. P. 68 OJ offering to allow judgment to be entered in Plaintiff's favor and against Defendant for $4,000.00 exclusive of fees and costs plus $7,000.00 for attorney's fees and costs or, alternatively, an amount of fees and costs as determined by the Court. ECF No. 45-1.

3.    Defendant's OJ to Plaintiff was more than 100% of Plaintiff's unliquidated unpaid overtime wages.

1

4. That same day, Plaintiff accepted Defendant's OJ and elected to allow the Court to determine the amount of fees and costs.

5. Notably, on August 26, 2020, Plaintiff previously communicated the settlement offer of $4,000 plus attorney's fees and costs as determined by the Court, which **Defendant did not accept**:

> **From:** ekoz@kozlawfirm.com <ekoz@kozlawfirm.com>
> **Sent:** Wednesday, August 26, 2020 10:48 AM
> **To:** 'Ken Minerley' <Ken@minerleyfein.com>
> **Cc:** pk@kozlawfirm.com; 'Jackson Pellingra' <jackson@minerleyfein.com>; 'fileclerk' <fileclerk@minerleyfein.com>; 'litigation' <litigation@minerleyfein.com>
> **Subject:** Shor v. Storm Tight Windows Inc. - 19-cv-62784
>
> Ken,
>
> I don't think it makes sense incurring the attorney's fees and costs of a federal jury trial in this case when Plaintiff's underlying claim is about $7,500. Plaintiff has authorized me to communicate the settlement offer of $4,000 plus Plaintiff's attorney's fees and costs as determined by the Court.
>
> Please communicate the offer to your client and let me know if we have a settlement.
>
> Thanks,
> Elliot

6. The applicable fee agreement provides that Plaintiff's counsel shall be entitled to reimbursement of costs plus the time expended on the case multiplied by $400.00 per hour.[1]

---

[1] Plaintiffs' counsel is sole shareholder of Koz Law, P.A. and has been practicing in the area of employment law for more than 10 years. *See CCAventura, Inc. v. Weitz Co.*, 2008 WL 276057 (S.D. Fla. 2008) (holding that an associate with eight years experience could recover $400.00 per hour). In *Mehta v. IQlogg, Inc.*, Case No. 19-cv-61823-Altman, DE 15 (October 11, 2019), Plaintiffs' counsel's awarded hourly rate was $375. Plaintiffs' counsel's prior hourly rate of $350 has previously been awarded by this Court and other courts including in *Chappel v. Boss Rain Forest Pet Resort, Inc. et al*, Case No. 16-62779-Snow at D.E. 112 (May 18, 2018)(contested sanctions order awarding the plaintiff's fees at the undersigned's hourly rate of $350); *Bernal v. Cuprys And Associates Attorneys At Law Corp et al*, Case No. 17-22866-Cooke/Goodman, D.E.

7.       Plaintiff's attorney's fees total $15,150.00 at $375 per hour for 40.4 hours plus costs totaling $1,247. *See* **Exhibit A**, Plaintiffs' counsel's itemized attorney's fees and costs, **Exhibit B**, invoices for service of process and mediation.

8.       Mediation is properly recoverable because Defendant's OJ did not limit recoverable costs to taxable costs and explicitly left the issue of fees and costs to be determined by the Court. The Court, therefore, is within its discretion to award the costs of $600 for mediation, which the parties were required to attend and incur.

9.       Plaintiffs are seeking a total of $16,397.00 plus supplemental attorney's fees for time expended conferring with Defendant's counsel regarding the relief sought herein and any time expended litigating Plaintiff's attorney's fees and costs including preparing Plaintiff's reply to any response filed by Defendant opposing Plaintiff's attorney's fees or costs.

10.      Plaintiffs seek additional fees and costs for time incurred litigating the amount of fees and costs in this matter, which are recoverable. *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010); *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable"); *Raetano v. M. Russell, LLC*, 2010 WL 3259434 at *2 n. 3 ("Time expended litigating attorney's fees is compensable").

## MEMORANDUM OF LAW

In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1)

---

27 at p. 6 (S.D. Fla. June 19, 2018); *Brown et al v. Tri-County Lumping Service, Inc. et al*, Case No. 16-21944-Altonaga/O'Sullivan, D.E. 119 at p. 6 (S.D. Fla. Nov. 30, 2017); in Report and Recommendation, *Morais v. Rhino Holdings One Inc et al*, Case No. 17-80001-Rosenberg/Hopkins at D.E. 35 (June 2, 2017); Order, *Drescher v. SWM Unlock Corporation et al*, Case No. 17-60412-Gayles/Turnoff at D.E. 15 (May 30, 2017); Final Default Judgment, *Beeler v. F L T Logistics LLC et al*, Case No. 16-cv-23814-Ungaro/Otazo-Reyes at D.E. 14 (November 17, 2016).

the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In the case of *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010), the Eleventh Circuit noted that fees for litigating fees are recoverable:

> Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees. *See, e.g., Jackson v. State Bd. of Pardons & Paroles,* 331 F.3d 790, 798–99 (11th Cir. 2003) (holding "that fees-on-fees are recoverable under" the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(d)(1)(A)); *Jean v. Nelson,* 863 F.2d 759, 780 (11th Cir. 1988) (holding "that the United States may not oppose a 'fees for fees' request [under the Equal Access to Justice Act, 28 U.S.C. § 2412,] solely on the ground that its position in the fee litigation was substantially justified"); *Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985) ("[A] prevailing party's counsel is entitled to reasonable compensation when he litigates his own claim for entitlement to § 1988 fees.").

*Id.* at 1301.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order awarding $16,397.00 in attorney's fees and costs as set forth above plus additional attorney's fees for time expended litigating Plaintiff's fees and costs.

Dated:  May 17, 2021

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

## VERIFICATION OF COUNSEL

Under penalties of perjury, I declare that I have read the foregoing Plaintiffs' Verified Motion for Attorney's Fees and Costs and that the facts stated in it are true to the best of my knowledge and belief.

_____
Elliot Kozolchyk, Esq.

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in compliance with Local Rule 7.3(a) and Defendant opposes this motion.

_____
Elliot Kozolchyk, Esq.