UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-62784-CIV-CANNON/HUNT

ELIYAHU SHOR,

    Plaintiff,

v.

STORM TIGHT WINDOWS, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Bill of Costs, ECF No. 52, and Plaintiff's Motion for Attorney's Fees, ECF No. 58. Plaintiff's Motions were referred to the undersigned for a Report and Recommendation. ECF No. 53; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, Plaintiff's Motions, the Response thereto, and applicable law, the undersigned respectfully RECOMMENDS that Plaintiff's Bill of Costs, ECF No. 52, and Motion for Fees, ECF No. 58, be GRANTED IN PART as set forth below.

## BACKGROUND

On November 11, 2019, Plaintiff brought this action against Defendants seeking to recover unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"). *See* ECF No. 1. On March 16, 2021, the Court approved the Parties' settlement agreement, with only determination of an award of attorneys' fees and costs to be decided. ECF No. 51. Plaintiff now seeks $15,150 in attorneys' fees and costs of $647. In response, Defendants argues that Plaintiff's counsel's claimed hours are excessive and that Plaintiff's counsel's hourly rate is too high and should be reduced.

ECF No. 59. Defendants also contend that the terms of the applicable fee agreement were not disclosed in the manner required by Local Rule 7.3(a)(4). *Id.* Defendants further argue that the qualifications of the timekeeper, Plaintiff's counsel, were not disclosed as required by Local Rule 7.3(a)(5)(A); and that Plaintiff's Certificate of Conferral failed to comply with Local Rule 7.3(a)(8), in that Plaintiff inadequately explained the particular issues to which Defendant objected. *Id.* Defendants also object to particular time entries made by Plaintiff's counsel. *Id.*

## DISCUSSION

It is well settled that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the instant case, Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorneys' fees.

### Compliance with the Local Rules

Defendants argue that Plaintiff's counsel's applicable fee agreement disclosure is "too vague to meet the requirements of Local Rule 7.3(a)(4)." ECF No. 14 at 3. However, Local Rule 7.3(a)(4) only requires a fee motion "to disclose the terms of any applicable fee agreement," which Plaintiff's counsel has done. ECF No. 58 at 2. *See Asbun v. Resende*, No. 15-61370-CIV-MATTHEWMAN, 2016 WL 4272372, at *2 (S.D. Fla. Aug. 4, 2016) (finding that Local Rule 7.3 does not overtly require that a fee agreement be filed with a motion for attorneys' fees, only that the party seeking attorneys' fees disclose the

2

terms of any applicable fee agreement, "regardless of whether the party attaches a copy of the agreement to its motion"). As to the timekeeper's qualifications, Plaintiff has disclosed his over ten years' experience practicing in the applicable field. ECF No. 58 at 3 n.1. As Defendant points out, such formalities as a CV or resume are not required, even if including such documents is advised. The undersigned is adequately satisfied as to the timekeeper's qualifications. *See Philipps v. SC Cap. Ventures, Inc.,* No. 19-62555-CIV-ALTMAN/HUNT, 2020 WL 5371296, at *1–2 (S.D. Fla. Mar. 13, 2020), *report and recommendation adopted,* No. 19-62555-CIV-ALTMAN/HUNT, 2020 WL 2988381 (S.D. Fla. June 4, 2020).

Turning to the alleged inadequacy of the certificate of conferral, the undersigned notes that Plaintiff wrote that "movant has conferred with all parties or non parties who may be affected by the relief sought in this motion in compliance with Local Rule 7.3(a) and Defendant opposes this motion." ECF No. 58 at 5. Local Rule 7.3(a)(8) states that a motion for attorneys' fees shall "certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount."

Failure to conform with Local Rule 7.3(a)(8) can be fatal to a fees motion. *See*, *e.g.*, *Adriana Maria de Oliveira SA v. A-Maculate Cleaning Serv., Inc.*, No. 17-21400-CIV-WILLIAMS/TORRES, 2019 WL 3809840, at *1 (S.D. Fla. July 19, 2019), *report and recommendation adopted*, No. 17-21400-CIV-WILLIAMS/TORRES, 2019 WL 3809864 (S.D. Fla. Aug. 6, 2019); *Rivas v. Pollack & Rosen, P.A.*, No. 19-61815-CIV-BLOOM/VALLE, 2020 WL 1272508, at *4 (S.D. Fla. Mar. 17, 2020). However, such harsh

medicine is not always administered. *See, e.g.*, *Wilson v. Big Steve's Deli LLC*, No. 20-60381-CIV-DIMITROULEAS/SNOW, 2020 WL 9552060, at *1 (S.D. Fla. Aug. 3, 2020) ("[T]he Motion contains no certification that a good faith effort to resolve issues by agreement occurred, as required by Rule 7.3(a)(8), and contains neither a bill of costs nor documentation of the costs claimed, as required by Rule 7.3(c). These errors should be corrected in future Motions filed by Plaintiff's counsel to avoid a reduction in counsel's claimed hourly rates.")

The Court observes that many of the orders denying fees based on failure to follow Rule 7.3's requirements follow a party's complete failure to include a conferral statement. Plaintiff's statement does notify the Court of a conferral, and of Defendant's position on the fees request. It does not, however, give the details of the Parties' positions, as required by 7.3(a)(8). The undersigned finds that Plaintiff has done the bare minimum to comply with the Rule, though Plaintiff and counsel would be wise in the future to be more diligent in their filings.

**Fees**

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown*

*v. Sch. Bd. of Broward Cnty.*, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1] *Id.*

    1.    <u>Reasonable Hourly Rate</u>

Plaintiff seeks $15,150 in attorneys' fees based upon professional services rendered, including attorneys' fees accrued while litigating fees and costs, and costs of $647. Plaintiff requests an hourly rate of $375 for his counsel. ECF No. 58 at 3. Plaintiff also seeks additional unspecified amounts for litigating Plaintiff's fees and costs.

This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v.*

---

[1] A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04. Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

*Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered attorney Elliot Kozolchyk's affidavit and the twelve factors. Because of his nearly ten years of practice and employment law experience, counsel requests an hourly rate of $375. This Court notes that Plaintiff's counsel has been awarded this hourly rate in several other cases in this District.[2] Based upon this Court's own knowledge and experience, as well as recent caselaw in the District, this Court concludes that a $375 hourly rate is a reasonable rate for an attorney with counsel's experience.

2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on the attorney's exercise

---

[2] *See, e.g., Phillips*, 2020 WL 2988381, at *3; *Mehta v. IQlogg, Inc.*, 19-61823-CIV-ALTMAN/HUNT, ECF No. 15 (S.D. Fla. Oct. 11, 2019).

of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiff requests to be compensated for 40.4 hours spent working on the case. Defendant, having submitted detailed objections to the time entries of Plaintiff's counsel, requests that Plaintiff be compensated for only 29.7 hours. Plaintiff did not respond to Defendant's objections.

The undersigned has reviewed the billing record line-by-line and compared it to the filings generated. The undersigned has also considered Defendant's objections to Plaintiff's time entries and agrees with Defendant's objections. Accordingly, this Court recommends that Plaintiff be compensated for 29.7 hours of work reasonably expended on this case.

Turning to Plaintiff's request for unspecified amounts for litigating Plaintiff's fees and costs, the Court notes that "fees incurred to recover fees constitutes compensable time if/when *reasonably* expended." *Ford v. Navika Capital Grp., LLC*, No. CV 14-00311-KD-C, 2017 WL 1381668, at *11 (S.D. Ala. Apr. 17, 2017) (emphasis in original). Nonetheless, "lawyers should not be compensated for turning the litigation about attorneys' fees into a second major litigation." *Id.* (quoting *Thompson,* 334 F.3d at 1245). The undersigned observes that Plaintiff has already billed for preparing the Motion for

Fees and Costs, and did not file a reply to Defendant's objections.  It is unclear what, if any, additional hours Plaintiff could reasonably request at this point.  Accordingly, the undersigned does not recommend that Plaintiff be awarded further hours in addition to what has already been billed.

### 3. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and  3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case.  Therefore, multiplying Plaintiff's attorney's reasonable number of hours (29.7) expended by his hourly rate ($375) yields a recommended lodestar amount of $11,137.50.

**Costs**

Plaintiff seeks to recover $647 in litigation costs, which results from the initial $400

filing fee paid to the Clerk of Court and process server fees of $247. ECF No. 52. The costs of service and filing fees are routine expenses in litigation, which the undersigned finds are compensable. *See* 28 U.S.C. § 1920 (enumerating costs that court may tax). An exception arises when a Plaintiff uses a private process server. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." As no justification has been provided for a higher rate, only $65 of the service fee is recoverable.

Plaintiff also asks this Court, in its discretion, for an award of $600 in costs for mediation. Plaintiff did not include this request in his Bill of Costs and offers no justification for this award other than noting that mediation was mandatory. The undersigned, observing that mediation is not included in 28 U.S.C. § 1920 as a compensable cost, recommends this request be denied. Accordingly, Plaintiff should be awarded $465 in costs.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Bill of Costs, ECF No. 52, be GRANTED IN PART and that Plaintiff's Motion for Attorney's Fees, ECF No. 58, be GRANTED IN PART to the extent that Plaintiff be awarded attorneys' fees of $11,137.50 and costs of $465, for a total award of $11,602.50. The undersigned also recommends that no interest be awarded.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 21st day of December 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Aileen M. Cannon
All Counsel of Record